## SCHUYLER S. BENJAMIN

*v.*

## BERNARD HEENEY *et al.*

1. CONTRACTS—*liability of a tenant for repairs made by his request.* It was stipulated in a lease that repairs upon the premises were to be made to a certain amount, which were to be paid for by the lessee and to be allowed on accruing rent. The mechanic who made the repairs performed work beyond the amount stipulated in the lease, but by the request of the lessee: *held* in an action by the party doing the work, against the lessee, that the latter was liable for such excess.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought in the court below, by Heeney and Campbell against Schuyler S. Benjamin and John J. Pearce. There was service upon Benjamin alone, who pleaded the general issue. The cause was tried before the court without a jury.

It appears that in February, 1868, Elisha C. Sprague was the owner of the Adams House, in the city of Chicago, which was occupied by Pearce & Benjamin as his tenants, under a lease expiring April 30, 1868. The house being in need of repairs, the lessees insisted upon having repairs made, as a condition to their taking a new lease. Accordingly, on the 24th of February, 1868, a new lease of the property was taken by Pearce & Benjamin from Sprague, for a term of three years, commencing on the 1st day of May, 1868, in which is the provision: "That said Pearce & Benjamin shall have the right to make repairs on said Adams House at any time after the date hereof, and prior to the termination of this lease, to the amount of eight thousand dollars; the value of said repairs, at the time when the same are made, to be conclusively determined by the certificate of August Bauer, of said

city, architect; said certificate, in like manner, to be on interest at the rate of ten per cent. per annum, till paid by the falling due of said monthly installments of rent; provided, however, that seven thousand dollars only of said repairs shall be taken out of the first year's rent, but the whole amount of said repairs may be made at any time, and the sums so expended shall be on interest as aforesaid."

The repairs were put upon the building by the plaintiffs, Heeney & Campbell, to an amount exceeding that provided for in the lease.    This suit is brought to recover such excess. The plaintiffs claim that the extra work was done by request of the defendants, or one of them, while the latter insist it was done for Sprague, the owner of the premises, who is alone liable therefor.    Much evidence was adduced by the parties, respectively, which it is unnecessary to present here.    The court below found for the plaintiffs, and assessed their damages at $1,047.03, and judgment was entered accordingly.    The record states that the court below found for the plaintiffs, " upon the ground that the defendants had made an original promise to pay all the bills for repairs, and plaintiffs were not bound to inquire whether the amount agreed upon had been exceeded or not."

The defendant, Benjamin, appeals, and insists the finding was against the evidence, and that the ground upon which the finding was based was erroneous.

Mr. MELVILLE W. FULLER and Mr. JOHN H. THOMPSON, for the appellant.

Messrs. JONES & GARDNER, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is a case in which much testimony was heard, and the most material portions of it given by the parties themselves.

To say it was conflicting, is saying no more than usually happens on such occasions, calling upon the court, sitting as a jury, to exercise its best judgment and keenest scrutiny to arrive at the truth. So many matters are to be considered by a court when so called upon, and of a nature so peculiarly fitted for the examination of a jury, the decision, in the absence of all error on a point of law, is regarded by all courts, this especially, as a termination of the controversy. Though the testimony was conflicting, yet we are of opinion its preponderance is in favor of the finding.

The certificate of the architect, though made only to Sprague, the owner of the house, was never presented by the contractors to him, but to appellants, who paid them without any demur, and their payment became a credit to them on the rent due to Sprague, and to become due him·

When the contract was entered into for repairs, it was expressly understood appellants were to pay for them to the extent, certainly, of eight thousand dollars, and it is stipulated in the lease that they were to have repairs made and at their expense, to be allowed on rents accruing. All done beyond the contract for these repairs, was done by request of appellants, or one of them, and their liability to pay for them was fixed. The amount of the recovery was for additional repairs done under the orders of Benjamin, one of the appellants.

The work was done on Sprague's property, but it is incontestable that appellants were to pay for it.

Where so much evidence was heard as in this case, and so much of it sustaining the finding, we should depart from long established principles should we interfere to disturb it.

The judgment must be affirmed.

*Judgment affirmed.*